T.C. Memo. 2000-199

UNITED STATES TAX COURT

KEVIN E. O'BRIEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8646-98.                          Filed June 29, 2000.

Kevin E. O'Brien, pro se.

<u>Deborah S. Dipiero</u>, for respondent.

MEMORANDUM OPINION

NAMEROFF, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's 1993 Federal income tax of $6,933
and an addition to tax pursuant to section 6651(a)(1)[1] of $1,690.

The issues for decision are:  (1) Whether petitioner is
entitled to the deductions claimed for employee business expenses

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

and miscellaneous expenses on Schedule A, Itemized Deductions; and (2) whether petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for failure to timely file his return.

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time his petition was filed, petitioner resided in Honolulu, Hawaii.

During 1993, petitioner was employed as a car salesman with South Seas Jeep Eagle (the dealership) in Hawaii. He reported $65,267 as compensation from the dealership for 1993. In order to secure customers and make a sale, petitioner would purchase beverages, food, gifts, and gasoline for them. Petitioner's employer did not reimburse him for any expenses incurred. Petitioner maintained a calendar in which he recorded the amounts he spent on customers. In the calendar, which is rather unorganized and confusing, petitioner listed the name of the customer and the vehicle sold. Petitioner recorded whether he purchased a snack or meal for the customer and the amounts spent. Petitioner also recorded when he gave demo rides. Some days have numbers listed instead of customer names, while other days show that petitioner had a customer and numerous expenditures were made.

On Schedule A filed with his 1993 Federal income tax return, petitioner claimed the following as unreimbursed employee business expenses:

| Expense | Amount |
|---|---|
| Vehicle | $6,351 |
| Parking | 780 |
| Travel | 5,892 |
| Business | 6,986 |
| Meals and entertainment[1] | 5,594 |
| Total | 25,603 |

[1] After the 20 percent reduction.  See sec. 274(n).

Respondent disallowed the claimed expenses for failure to substantiate.  Petitioner alleges that his records were destroyed in November 1996 due to a rainstorm which flooded his apartment. Petitioner recently found copies of the calendar in storage.

Deductions are a matter of legislative grace.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer must substantiate any deductions claimed and bear the burden of substantiation.  See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Taxpayers are required to maintain adequate records sufficient to establish the amounts of the deductions.  See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable

year in carrying on any trade or business.  No deduction is allowed for personal, living, or family expenses.  See sec. 262.

In some circumstances, if a taxpayer is unable to substantiate a claimed business expense, the Court is permitted to make as close an approximation as it can.  See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).  The estimate, however, must have a reasonable evidentiary basis.  See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Section 274(d) requires strict substantiation of certain expenses including those incurred with respect to vehicle, travel, meals, gifts, and entertainment.

Under section 274(d), a taxpayer must maintain adequate records or provide sufficient evidence corroborating his own statement to support a deduction.  See Lukes v. Commissioner, T.C. Memo. 1988-116.  The regulations require substantiation by documents showing the amount paid, the time and place of the vehicle use, travel, meals, or entertainment, and the business purpose of the expense.  See sec. 1.274-5T(a)(1), (b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, a log, or a similar record, and documentary evidence which, in combination, are sufficient to establish each element of each expenditure or use.

See sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

If an expense comes within the requirements of section 274(d), this Court cannot rely on Cohan v. Commissioner, supra, to estimate the taxpayer's expenses with respect to that item. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

When a taxpayer's records are lost or destroyed through circumstances beyond his control, he is entitled to substantiate deductions by reconstructing his expenditures through other credible evidence. See Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979); sec. 1.274-5A(c)(5), Income Tax Regs.

We address each expense with additional facts separately.

1. Vehicle

Petitioner claimed a deduction of $6,351 for vehicle expenses on his 1993 return based on 22,683 alleged business miles. Petitioner testified that he often had to drive customers to other related dealerships on the island to look at cars or to their credit unions or banks. Petitioner admitted that he often took a car from the lot to use instead of driving his own. Petitioner also claimed that he incurred mileage driving customers home when they did not have a vehicle. It is not clear how often petitioner drove the customers to the various places.

Petitioner does not have a mileage log or any other documentation to substantiate his claim. Petitioner contends that he kept a cash account book on his person at all times in which he recorded "everything". This account book was destroyed by the flooding in the apartment. No miles or trips were recorded on the calendar submitted at trial.

Passenger automobiles are listed property under section 280F(d)(4)(A)(i), and they are subject to the strict substantiation requirements of section 274(d). Petitioner did not reconstruct any records with regard to the mileage he incurred.

On the basis of this record, we are precluded from allowing a deduction for any vehicle expenses. We sustain respondent with respect to this item.

2. Parking

Petitioner claimed a deduction of $780 for parking expenses. The dealership does not provide parking for the employees. Therefore, petitioner parked at a nearby parking lot for which he paid parking fees of $780 for the year. It is well settled that parking fees a taxpayer incurs as a part of his or her daily commute are nondeductible personal expenses. See sec. 262; see also Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Accordingly, respondent is sustained on this item.

## 3. Travel

Petitioner claimed a deduction of $5,892 for travel expenses. Petitioner testified that when he would drive a customer home late at night, he would occasionally stay in a hotel instead of driving back. Petitioner also stated that there were conferences he attended on the island and seminars in Arizona. Petitioner could not recall whether any of these events occurred in 1993. Petitioner did not provide any records or reconstructed records, nor were there any notations in his calendar, about any of these events. On the basis of this record, petitioner has not met the strict substantiation requirements of section 274(d), and he is not entitled to a deduction for travel expenses.

## 4. Business

Petitioner claimed a deduction of $6,986 for business expenses. According to petitioner's testimony, these expenses were for items purchased, such as gifts and gasoline, to secure sales. In petitioner's calendar, he recorded the items he purchased for customers, such as hats, t-shirts, and bikini tops (a vinyl covering for certain vehicles). When a customer's vehicle was not ready on the day of purchase, petitioner would give the customer a loaner car and would fill up the tank with gasoline. For some months, petitioner listed at the bottom of the calendar page the amount he incurred with respect to gifts

without identifying the customer.  Therefore, in the instances where it is somewhat clear which customer received the gift, petitioner is entitled to a deduction.  Overall, we conclude that petitioner is entitled to a deduction of $1,035 for business gifts.[2]

### 5. Meals and entertainment

Petitioner claimed a deduction of $5,594 for meals and entertainment.  Petitioner contended that he often purchased snacks, lunches, and dinners for customers to attract sales.  The receipts for these items were allegedly destroyed in the flooding from the rainstorm.  In the calendar, petitioner occasionally listed an amount next to a customer's name on a specific date along with "SNK" for snack or "lunch" or "dinner".  The majority of the entries are just amounts next to "lunch" or "dinner" with no indication that a customer was involved.  From the best we could discern from this rather unorganized and cryptic document, petitioner incurred $926 in deductible meals expenses, which amount is subject to the limitation provided by section 274(n).

We gave petitioner credit only where it was clear that a specific purchase was for a customer.  There were too many repeated entries that said $22 for lunch and $30 for dinner.

---

[2] Even if we allowed all gifts noted on the calendar, it is still nearly $5,000 short of the amount claimed on petitioner's return.  Petitioner did not offer any explanation as to what other expenses this amount is attributable.

These amounts rarely changed and very few indicated a customer was involved.  There are a lot of numbers next to the entries for demo rides, but there is no indication as to what these numbers mean.  We also note that there were numerous entries for "BRK 15" which petitioner stated meant that he was dealing with individuals from the military barracks on the island.  We find it incredible that nearly every time petitioner dealt with a person from the barracks, it cost him $15.  Therefore, petitioner is limited to a deduction for the meals expenses identified above.[3]

Petitioner also claimed a deduction for tax preparation of $200 as a miscellaneous deduction on Schedule A.  Petitioner admitted that he did not incur a $200 expense for tax preparation in 1993, since he had his 1992, 1993, 1994, and 1995 returns prepared in 1996.  Accordingly, since there was no tax preparation expense incurred in 1993, petitioner is not entitled to claim such a deduction.

Section 6651(a)(1)

Petitioner did not file his 1991 return because he did not receive a Form W-2 from his employer.  Petitioner did not file any subsequent returns because a coworker allegedly told him he could not file any returns until the 1991 return was filed.

---

[3] We also note that all expenses allowed are subject to the 2 percent of AGI limitation pursuant to sec. 67(a).

Petitioner did not consult with an accountant or attorney about this matter. Petitioner's 1993 return was filed on July 3, 1996.

In the case of failure to file an income tax return on the date prescribed for filing, section 6651(a)(1) imposes an addition to tax equal to 5 percent of the amount required to be shown on the return, with an additional 5 percent to be added for each month during which such failure continues, not to exceed 25 percent in the aggregate. The addition to tax for failure to file a timely return is imposed unless the taxpayer shows that the delay was due to reasonable cause and not willful neglect. See sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985). A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business care and prudence and was, nevertheless, unable to file the return within the time prescribed by law. United States v. Boyle, supra at 246. While reliance on advice as to whether a return must be filed may constitute reasonable cause, the person giving advice must be competent to render that advice and the reliance on that advice must be reasonable. See id. at 250.

Petitioner has not demonstrated that the coworker giving the advice was competent to give such advice. Such erroneous advice does not constitute reasonable cause for petitioner's failure to comply with the statutory requirements. Lastly, petitioner did not seek professional advice about filing requirements.

Therefore, petitioner is liable for the addition to tax pursuant to section 6651(a)(1) for delinquency.

Based on the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.